UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-CV-40012

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
JAMES W. TRAGAKIS and
SUSAN M. O'HARA,

    Plaintiffs,

v.

ROBERT F. ANGILLY, JR., P.E.,
d/b/a CRITERIUM-ANGILLY
ENGINEERS, CRITERIUM ENGINEERS,
INC., NRT NEW ENGLAND, INC.,
d/b/a COLDWELL BANKER
RESIDENTIAL BROKERAGE, PAULETTE
E. DAVIS, CENDANT MOBILITY
FINANCIAL CORP., and UNITED
SERVICES AUTOMOBILE ASSOC.

    Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, NRT NEW ENGLAND, INC., d/b/a COLDWELL BANKER RESIDENTIAL BROKERAGE'S AND PAULETTE E. DAVIS'S, MOTION TO DISMISS FOR LACK OF JURISDICTION

### INTRODUCTION

This matter arises out of issues related to the plaintiffs, James W. Tragakis's and Susan M. O'Hara's, purchase of the property located at 5 Olde Coach Road, Westborough, MA ("the premises") on or about April 12, 2002. The plaintiffs allege that the premises has structural problems that were not disclosed

to them prior to their purchase. On or about February 23, 2005, they filed suit in this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332. The plaintiffs' Amended Complaint should be dismissed because complete diversity of citizenship does not exist in this case.

## BACKGROUND

In this amended Complaint, the plaintiffs, who are all residents of Massachusetts, allege that Paulette E. Davis ("Davis"), a real estate agent associated with NRT New England, Inc., d/b/a Coldwell Banker Residential Brokerage ("Coldwell Banker"), listed the premises on several occasions, including when they purchased the premises from the defendant, Cendant Mobility Finance, a Delaware corporation. They further allege that Davis is a resident of Westborough, MA who worked out of Coldwell Banker's office located in Westborough, MA. According to the plaintiffs, the defendants, Robert F. Angilly, Jr., d/b/a Criterium-Angilly Engineers, a Rhode Island Corporation, and Criterium Engineers, Inc., a Massachusetts Corporation, inspected the premises on their behalf and found no signs of structural instability. The plaintiffs claim that after they purchased the premises, its foundation shifted in such a manner as to require major corrective action. They further claim that the defendant, United Services Automobile Association, which is located in

Texas, insured the premises and wrongfully denied their claim for damages associated with repairs to the premises. As set forth in the plaintiffs' amended complaint, the plaintiffs, Davis, and Criterium Engineers, Inc. are all residents of Massachusetts. (*See* Exhibit A, at ¶¶1-7).

**ARGUMENT**

The plaintiffs base jurisdiction in this matter on 28 U.S.C. § 1332(a)(1) which confers jurisdiction upon federal courts where the matter in controversy exceeds $75,000.00 and is between citizens of different states. This statute has consistently been interpretted to require complete diversity of citizenship. *See Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "[D]iversity Jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Id.* (italics in original). Courts have made it clear that diversity jurisdiction is not available if any plaintiff is a citizen of the same state as any defendant. *See id.* at 374; *see also Gabriel v. Preble*, 396 F.3d 10, 13 (1st Cir. 2005). Pursuant to Fed. R. Civ. P. 12(h)(3), a court must dismiss an action where it does not have subject matter jurisdiction. *See Muratone v. Darr*, 375 F.3d 140, 148 (1st Cir. 2004).

It is clear that diversity jurisdiction does not exist in this case as there is not complete diversity. As plainly noted

in the plaintiffs' Amended Complaint, the plaintiffs and at least two of the defendants are citizens of Massachusetts. (*See* Exhibit A, at ¶¶1-7). Absent complete diversity, there is no jurisdiction in this matter. See *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. at 374; *Gabriel v. Preble*, 396 F.3d at 13. Therefore, this matter must be dismissed. *See* Mass. R. Civ. P. 12(h)(3); *Muratone v. Darr*, 375 F.3d at 148.

### CONCLUSION

For the foregoing reasons, the defendants, Paulette E. Davis and NRT New England, Inc., d/b/a Coldwell Banker Residential Brokerage, respectfully request that this Honorable Court allow their motion and dismiss the plaintiffs' Amended Complaint.

>The Defendants,
>NRT New England, Inc., d/b/a
>Coldwell Banker Residential
>Brokerage, and Paulette
>E. Davis,
>By Their counsel,
>
>*/s/ Megan E. Kures*
>Richard J. Shea, BBO #: 456310
>Megan E. Kures, BBO #: 652485
>Melick, Porter & Shea, LLP
>28 State Street, 22nd Floor
>Boston, MA 02109
>(617) 523-6200

Dated: 3/17/05

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-40012

JAMES W. TRAGAKIS & SUSAN M. O'HARA,)
    **Plaintiffs**

v.

ROBERT F. ANGILLY, JR., P.E. d/b/a
CRITERIUM-ANGILLY ENGINEERS;
CRITERIUM ENGINEERS, INC.; NRT NEW
ENGLAND INCORPORATED d/b/a
COLDWELL BANKER RESIDENTIAL
BROKERAGE; PAULETTE E. DAVIS;
CENDANT MOBILITY FINANCIAL
CORPORATION; and UNITED SERVICES
AUTOMOBILE ASSOCIATION,
    **Defendants**

AMENDED COMPLAINT

## PARTIES AND JURISDICTIONAL STATEMENT

1. The Plaintiffs, James W. Tragakis and Susan M. O'Hara ("Tragakis/O'Hara"), are husband and wife with a principal residence in Westborough, Worcester County, Massachusettts.

2. The Defendant, Robert F. Angilly, Jr., P.E. is an individual doing business as Criterium-Angilly Engineers ("Angilly") with a principal place of business in East Greenwich, Rhode Island.

3. The Defendant, Criterium Engineers, Inc. ("Criterium") is a de facto Massachusetts corporation with a usual place of business in Portland, Maine.

4. The Defendant, Cendant Mobility Financial Corporation, ("Cendant") is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business in New York, New York.

5. NRT New England Incorporated d/b/a Coldwell Banker Residential Brokerage ("Coldwell Banker") is a corporation organized and existing under the laws of the state of Delaware having a usual place of business in Waltham, Middlesex County, Massachusetts.

6. Paulette E. Davis ("Davis") is an individual and a real estate broker licensed in Massachusetts who resides in Westborough, Worcester County, Massachusetts.

7. United Services Automobile Association ("USAA") is an insurance company licensed to do business in Massachusetts and having its principal place of business in San Antonio, Texas.

8. This matter arises out of the negligence of Angilly and Criterium in the inspection of and the misrepresentations of and by Davis, Coldwell Banker and Cendant in the sale of a certain parcel of real property with a structure thereon located at 5 Olde Coach Road in Westborough, Worcester County, Massachusetts (the "Premises") to Tragakis/O'Hara. Further, USAA having provided a homeowners policy to Tragakis/O'Hara has wrongfully denied coverage for settlement to the referenced structure.

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332. This Court has original jurisdiction over the above-captioned action because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

10. Pursuant to 28 U.S.C. § 1391(a), venue is appropriate in the Commonwealth of Massachusetts because it is the locus of real property which is the subject matter of this action and the residence of one of the Defendants.

## COUNT I

11. Tragakis/O'Hara re-allege paragraphs one through ten above as if fully restated herein.

12. In early January of 2002, Tragakis/O'Hara were shown the Premises by Michael Mathieu of ReMax First Choice of 155 Otis Street, Northborough, Massachusetts.

13. Davis, working from the office of Coldwell Banker located at 95A Turnpike Road in Westborough, Massachusetts, was the listing broker.

14. Davis met with Tragakis/O'Hara at the Premises on several occasions.

15. In response to inquiries made by Tragakis/O'Hara, Davis told them that she had sold the subject property several times in the past and that she knew of no structural problems with the property.

16. On or about January 15, 2002 Tragakis/O'Hara made an offer on the property subject to an inspection of the foundation and retaining wall by a structural engineer within ten (10) days of the acceptance of the offer.

17. On or about January 19, 2002, Cendant, the seller, accepted the offer and Tragakis/O'Hara subsequently retained the services of Angilly to perform the structural inspection.

18. On or about April 12, 2004 in reliance upon the opinions expressed in Angilly's report and representations by Davis and Cendant, Tragakis/O'Hara purchased the property.

19. Since purchase of the property by Tragakis/O'Hara, movements of the foundation have increased dramatically to the point that major corrective action must be taken in order to prevent the property from becoming uninhabitable.

20. From documents subsequently obtained from the office of the Tax Assessor for the Town of Westborough it is clear that Coldwell Banker was instrumental in having certain notations relative to the structural integrity of the Premises changed in the public record. (See Exhibit "A".)

21. Based upon the experience of Davis, personally, and Coldwell Banker with the Premises, it is clear that important information with respect to the structural integrity of the Premises was knowingly withheld from Tragakis/O'Hara even upon their direct inquiry.

22. Davis and Coldwell Banker have violated M.G.L. c. 93A by falsely representing that they had no knowledge of any structural problems with the property thereby a false impression was created as to the construction, durability, reliability, safety, strength, life expectancy, utility and maintenance of the Premises.

23. Those actions by Davis and Coldwell Banker constitute a violation of M.G.L. c. 93A, §2(a) and C.M.R. §3.05(1).

24. All of these actions were performed willfully and knowingly.

25. As a result of the unfair and deceptive practices by Davis and Coldwell Banker, Tragakis/O'Hara have been severely damaged.

26. Those damages include, but are not limited to, the loss of value of the Premises and the expenses they must incur to correct the defects that Davis and Coldwell Banker should have disclosed to them prior to their purchase.

WHEREFORE, the Plaintiffs James W. Tragakis and Susan M. O'Hara, demand judgment against the Defendant, Paulette E. Davis and NRT New England Incorporated d/b/a Coldwell Banker Residential Brokerage, in an amount to be determined at trial, trebled in accordance with M.G.L. c. 93A, plus interest, costs, attorneys fees and such other relief at law or equity as this Court deems just and proper.

## COUNT II

27. Tragakis/O'Hara re-allege paragraphs one through twenty six above as if fully restated herein.

28. On or about February 8, 2002 Tragakis/O'Hara and Cendant executed a Purchase and Sale Agreement for the Premises. (See Exhibit "B".)

29. The Seller's Disclosures that were part of the Purchase and Sale Agreement were not fully truthful and forthcoming.

30. Coldwell Banker was the broker for Cendant.

31. Coldwell Banker is owned by Cendant.

32. Therefore, knowledge, actions or inactions of and by Coldwell Banker and Davis can also be attributed to Cendant.

33. Violations of M.G.L. c. 93A have occurred by the misrepresentations in Cendant's Sellers Disclosures because persons for whom Cendant was responsible possessed knowledge of structural problems with the property, a false impression was created as to the construction, durability, reliability, safety, strength, life expectancy, utility and maintenance of the Premises and those actions constitute a violation of M.G.L. c. 93A, §2(a) and C.M.R. §3.05(1).

34. All of these actions were performed willfully and knowingly.

35. As a result of the unfair and deceptive practices by Cendant, Tragakis/O'Hara have been severely damaged.

36. Those damages include, but are not limited to, the loss of value of the Premises and the expenses they must incur to correct the defects that Cendant should have disclosed to them prior to their purchase.

WHEREFORE, the Plaintiffs James W. Tragakis and Susan M. O'Hara, demand judgment against the Defendant, Cendant Mobility Financial Corporation, in an amount to be determined at trial, trebled in accordance with M.G.L. c. 93A, plus interest, costs, attorneys fees and such other relief at law or equity as this Court deems just and proper.

## COUNT III

37. Tragakis/O'Hara re-allege paragraphs one through thirty six above as if fully restated herein.

38. On or about January 19, 2002, Tragakis/O'Hara retained the services of Angilly to perform a structural inspection of the Premises.

39. On January 22, 2002 Angilly performed that inspection.

40. On January 23, 2002 Angilly published a report of his inspection and on or about that date provided a copy of said report to Tragakis/O'Hara.

41. As part of the conclusion of the report, inter alia, Angilly stated that, "(t)here were no signs of structural instability. The foundation appears to be complete and there is a low risk of future settlement."

42. On or about April 12, 2004 in reliance upon the opinions expressed in the report, Tragakis/O'Hara purchased the Premises.

43. Since the purchase of the Premises, movements of the foundation have increased dramatically to the point that major corrective action must be taken in order to prevent the property from becoming uninhabitable.

44. Angilly undertook the inspection understanding that Tragakis/O'Hara would rely upon it and was obliged to exercise due care, professional skill and diligence.

45. The failure of Angilly to exercise due care, professional skill and diligence was a breach of contract.

46. By reason of the breach of contract and the fault and neglect of Angilly, Tragakis/O'Hara have been damaged and are obligated to expend additional funds for repairs to the Premises and suffered other consequential damages such as loss of value of the Premises as the result of Angilly's negligent advice.

6

WHEREFORE, the Plaintiffs, James W. Tragakis and Susan M. O'Hara, demand judgment against the Defendant, Robert F. Angilly, Jr., P.E. d/b/a Criterium-Angilly Engineers, in an amount to be determined at trial, plus interest, costs, attorneys fees and such other relief at law or equity as this Court deems just and proper.

### COUNT IV

47. Tragakis/O'Hara re-allege paragraphs one through forty six above as if fully restated herein.

48. By affirmatively representing the settlement of the structure on the Premises was complete, Angilly created a false impression as to the construction, durability, reliability, safety, strength, life expectancy, utility and maintenance of the Premises which Tragakis/O'Hara purchased and that is a violation of M.G.L. c. 93A, §2(a) and C.M.R. §3.05(1).

49. By failing to disclose that he is not licensed as a Registered Professional Engineer in Massachusetts, Angilly violated M.G.L. c. 112, §§ 81D – 81T and c. 93A, §2(a) and C.M.R. §3.16(2).

50. By failing to disclose that he is not licensed to do business as a Registered Professional Engineer in Massachusetts, Angilly violated c. 93A, §2(a) and C.M.R. §3.16(3).

51. All of these actions were performed willfully and knowingly.

52. As a result of the unfair and deceptive practices by Angilly, Tragakis/O'Hara have been severely damaged.

53. Those damages include, but are not limited to, the loss of value of the Premises and the expenses they must incur to correct the defects that Angilly should have disclosed to them prior to their purchase.

WHEREFORE, the Plaintiffs James W. Tragakis and Susan M. O'Hara, demand judgment against the Defendant, Robert F. Angilly, Jr., P.E. d/b/a Criterium-Angilly Engineers, in an

amount to be determined at trial, trebled in accordance with M.G.L. c. 93A, plus interest, costs, attorneys fees and such other relief at law or equity as this Court deems just and proper.

## COUNT V

54. Tragakis/O'Hara re-allege paragraphs one through fifty three above as if fully restated herein.

55. Upon information and belief, Angilly operates as a satellite office and/or agent of Criterium.

56. Under the doctrine of respondeat superior, Criterium is responsible for the conduct, actions and inactions of Angilly.

57. The damages suffered by Tragakis/O'Hara are the responsibility of Criterium.

WHEREFORE, the Plaintiffs, James W. Tragakis and Susan M. O'Hara, demand judgment against the Defendant, Criterium Engineers, Inc., in an amount to be determined at trial, trebled in accordance with M.G.L. c. 93A, plus interest, costs, attorneys fees and such other relief at law or equity as this Court deems just and proper.

## COUNT IV

58. Tragakis/O'Hara re-allege paragraphs one through fifty seven above as if fully restated herein.

59. Tragakis/O'Hara purchased a homeowner's insurance policy from USAA.

60. Said policy insures against property damage on an "all-risk" basis.

61. In December 2003 Tragakis/O'Hara made a claim with USAA under the policy.

62. By letter dated February 3, 2004, USAA wrongfully denied the claim.

63. Tragakis/O'Hara subsequently engaged the services of Davidson Engineering, Inc. to perform an inspection of the Premises.

64. Based upon Davidson's report, through Counsel, Tragakis/O'Hara made further demand on

8

USAA or about August 25, 2004.

65. By letter dated September 15, 2004, USAA again wrongfully denied the claim.

66. Tragakis/O'Hara have complied with all conditions precedent necessary to the maintenance of this action and have made repeated demand upon the USAA to be compensated for and on account of the damages incurred to the insured Premises.

67. Tragakis/O'Hara are entitled to the monies demanded and the nonpayment thereof is a breach of contract.

68. Tragakis/O'Hara have been damaged in the estimated amount of $143,110.00 and the damages are ongoing.

69. Tragakis/O'Hara are entitled to be made whole for and on account thereof.

WHEREFORE, the Plaintiffs, Tragakis/O'Hara, hereby demand judgment enter against the Defendant, United Services Automobile Association, in an amount to be determined at trial and that Tragakis/O'Hara be awarded interest, costs, attorney's fees, and such other relief as the Court may deem appropriate.

## COUNT VI – UNFAIR CLAIM SETTLEMENT PRACTICES
## M.G.L. c. 176D, §3(9)

70. Tragakis/O'Hara re-allege paragraphs one through sixty nine above as if fully restated herein.

71. USAA misrepresented policy provisions relating to coverages at issue.

72. USAA failed to effectuate a prompt, fair and equitable settlement of a claim in which liability is reasonably clear.

73. USAA compelled the insureds, Tragakis/O'Hara, to commence litigation to recover amounts due under a policy by unreasonably and unlawfully denying coverage.

WHEREFORE, the Plaintiffs, James W. Tragakis and Susan M. O'Hara, hereby demand

P:\data\active\Tragakis O'Hara\1334\pld00001a.doc

judgment enter against the Defendant United Services Automobile Association, in an amount to be determined at trial and that Tragakis/O'Hara be awarded interest, costs, attorney's fees, and such other relief as the Court may deem appropriate.

### COUNT VII- MASS. GEN. L. CH. 93A and 176D

74. Tragakis/O'Hara re-allege paragraphs one through seventy three above as if fully restated herein.

75. Tragakis/O'Hara entered into an insurance contract with USAA in good faith reliance terms thereof as referenced above and contained within said policy.

76. Tragakis/O'Hara have made repeated demand requesting that the USAA honor its obligation to Tragakis/O'Hara under the Policy in accordance with the laws applicable thereto and in particular, USAA's various obligations under M.G.L. c. 176D.

77. USAA has refused to make payment to Tragakis/O'Hara for the losses they have suffered in accordance with the terms of the Policy.

78. USAA has compelled the insureds, Tragakis/O'Hara, to commence litigation to recover amounts due under a policy by unreasonably and unlawfully denying coverage.

79. Said conduct constitutes a violation of M.G.L. c. 93A and M.G.L. c. 176D.

WHEREFORE, the Plaintiffs, James W. Tragakis and Susan M. O'Hara, hereby demand judgment enter against the Defendant, United Services Automobile Association, in an amount to be determined at trial plus an award of triple damages, interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

The Plaintiff demands a trial by jury on all counts contained in this complaint.

**John S. Davagian, II**

From: <ECFnotice@mad.uscourts.gov>
To: <CourtCopy@mad.uscourts.gov>
Sent: Wednesday, February 23, 2005 10:20 AM
Subject: Activity in Case 4:05-cv-40012-FDS James W. Tragakis et al v. Angilly et al "Amended Complaint"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp \$' -->
United States District Court
District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 2/23/2005 at 10:20 AM EST and filed on 2/23/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp \$'
Case Name: James W. Tragakis et al v. Angilly et al
Case Number: 4:05-cv-40012 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?96055

Document Number: 3
Copy the URL address from the line below into the location bar of your Web browser to view the document:
https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?3,96055,,75363310,

Docket Text:
AMENDED COMPLAINT against Paulette E. Davis, Cendant Mobility Financial Corporation, United States Automobile Association, Robert F. Angilly, Jr, Criterium Engineers, Inc, NRT New England Incorporated, filed by James W. Tragakis, Susan M. O'Hara. (Attachments: # (1))(Jones, Sherry)

The following document(s) are associated with this transaction:
Document description: Main Document
Original filename: yes
Electronic document Stamp:
[STAMP dcecfStamp_ID=1029851931 [Date=2/23/2005] [FileNumber=866535-0]
[8ea998a0f441e1e7fd52de5af3f93c4894c10f078c8ceb5ea522ffe881335cd4075b0f7cbc9d310088dad1c324d5b2c612021
Document description:
Original filename: yes
Electronic document Stamp:
[STAMP dcecfStamp_ID=1029851931 [Date=2/23/2005] [FileNumber=866535-1]
[49eb5167889699391fcbb6247785a5cd7f3646276728781d3e8b923472ab095f2c694c318e9750dd0c08913dcbb7f63fe0:

<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau Exp \$' -->
4:05-cv-40012 Notice will be electronically mailed to:
John S. Davagian                        , II  jsdavagian@jsdlawgroup.com


4:05-cv-40012 Notice will not be electronically mailed to:

2/23/2005