UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES W. TRAGAKIS & <br> SUSAN M. O'HARA, <br> Plaintiffs, <br><br> v. <br><br> ROBERT F. ANGILLY, JR., P.E. d/b/a <br> CRITERIUM-ANGILLY ENGINEERS, <br> CRITERIUM ENGINEERS, INC., NRT <br> NEW ENGLAND INCORPORATED d/b/a <br> COLDWELL BANKER RESIDENTIAL <br> BROKERAGE; PAULETTE E. DAVIS, <br> CEDANT MOBILITY FINANCIAL <br> CORPORATION, and UNITED SERVICES <br> AUTOMOBILE ASSOCIATION, <br> Defendants. | CIVIL ACTION NO. 05-40012 <br><br> **ORAL ARGUMENT REQUESTED** |

## ROBERT F. ANGILLY, JR., P.E. d/b/a CRITERIUM-ANGILLY ENGINEERS, AND CRITERIUM ENGINEERS, INC.'S MOTION TO DISMISS

Now come the Defendants, Robert F. Angilly, Jr., P.E. d/b/a Criterium-Angilly Engineers ("Angilly") and Criterium Engineers Inc. ("CEI") (collectively, "Angilly-CEI"), and hereby move, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss this matter for lack of subject matter jurisdiction over the claims against Angilly-CEI. As grounds for this motion, Angilly-CEI contend that the limitation of liability clause contained in the *Agreement for Services* signed by the plaintiffs provides "legal certainty" that the plaintiffs will not collect more than $250.00 against Angilly-CEI, and accordingly, this Court does not have subject matter jurisdiction over the Plaintiffs' claims against Angilly-CEI. For this reason, and as more fully discussed below, the Plaintiffs' claims against Angilly-CEI must be dismissed.

## RELEVANT FACTUAL BACKGROUND

Angilly provided a limited structural inspection of 5 Olde Coach Road on behalf of the Plaintiffs. The *Agreement for Services* for this work contained a limitation of liability clause for any loss "suffered by the client due to any cause." The limitation of liability clause limits liability to the amount of fees for the inspectional services, which was $250.00. The *Agreement for Services* was provided to, and executed by, James M. Tragakis. See Exhibits 1 and 1.A. In their Complaint, the Plaintiffs have asserted several counts against Angilly-CEI, alleging acts and omissions separate from the other defendants, and seeking damages against Angilly-CEI allegedly arising out of this structural inspection. Further, the Plaintiffs assert that CEI is vicariously liable for Angilly's alleged negligence on a *respondeat superior* theory. See Amended Complaint.[1]

## LEGAL STANDARD

A complaint must be dismissed if there is a legal certainty that the plaintiffs cannot recover $75,000. See 28 USCS § 1332. One of three situations that "clearly meet the legal-certainty standard for defeating the court's subject matter jurisdiction . . . [is] when the terms of a contract limit the plaintiff's possible recovery." See Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 3702, p. 98 (3rd ed. 1998), and cases cited therein; see also *Menorah Ins. Co. Ltd. v. W.F. Whelan Co., Inc.*, 110 Fed. Appx. 524 (6th Cir. 2004); *Advanced Tubular Products, Inc. v. Solar Atmospheres, Inc.*, 2004 U.S. Dist. LEXIS 4111 (E.D.PA. 2004).

---

[1] Although unnecessary for this motion, it should be mentioned that Angilly is a franchisee for which CEI is not liable pursuant to a *respondeat superior* theory, even if Angilly were negligent (which is denied).

2

Limitation of liability clauses are routinely enforced pursuant to Massachusetts substantive law. *Cormier v. Central Mass. Chapter of the Nat'l Safety Council*, 416 Mass. 286, 288-89 (1993) (written limitation waiving negligence claims enforceable); *Canal v. Westinghouse Elec.*, 406 Mass. 369, 374-375 (1990)(contractual exclusion of consequential damages enforceable); *Deerskin Trading Post, Inc. v. Spencer Press, Inc.*, 398 Mass. 118, 124 (1986)(contractual limitation of damages to refund of purchase price enforceable); *Logan Equip. Corp. v. Simon Aerials, Inc.*, 736 F. Supp. 1188, 1195 (D. Mass. 1990) ("Limitations on recovery of consequential damages in a corporate context represent 'a reasonable accommodation between two commercially sophisticated parties' which does not offend any public policy of the state."); *Minassian v. Ogden Suffolk Downs, Inc.*, 400 Mass. 490, 492 (1987); *Horner v. Boston Edison Co.*, 45 Mass. App. Ct. 139, 142 (1998); *Lee v. Allied Sports Associates, Inc.*, 349 Mass. 544, 550 (1965) (quoting *Clarke v. Ames*, 267 Mass. 44, 47 (1929) ("[T]here is no rule of general application that a person cannot contract for exemption from liability for his own negligence and that of his agents and servants.").

Further, it is axiomatic that if parties can foreclose all liability via covenants not to sue, limitations of liability should be equally enforceable. See *Minassian v. Ogden Suffolk Downs*, 400 Mass. 490, 493 (1987) (stating that the enforcement of agreements that release a party from liability is "a practice our courts have long found acceptable.") "[T]here is no rule of general application that a person cannot contract for exemption from liability for his own negligence and that of his agents and servants." *Cormier*, 416 Mass. at 288 (citations omitted); See also *Zavras v. Capeway Rovers Motorcycle Club*, 44 Mass. App. Ct. 17 (1997); See also *Lee v. Allied Sports Assocs., Inc.*, 349 Mass. 544, 550 (1965) (enforcing the covenant not to sue and holding that the allocation or risk by agreement is not contrary to public

policy). "[A] party may, by agreement, allocate risk and exempt itself from liability that it might subsequently incur as a result of its own negligence." See *Sharon v. City of Newton*, 437 Mass. 99, 105 (2002). Massachusetts law favors the enforcement of such agreements. *Id.*

### ARGUMENT

It is well established that limitation of liability clauses are enforceable, and that the Plaintiffs, pursuant to the *Agreement for Services*, did not possess a claim against Angilly-CEI, in excess of $250.00. As a result, there is a "legal certainty" that the Plaintiffs cannot recover $75,000 against Angilly-CEI, and this matter must be dismissed as to these two defendants.

WHEREFORE, Angilly-CEI respectfully requests that this Honorable Court dismiss the Plaintiffs' claims against them for failure to meet the jurisdictional amount in controversy.

### REQUEST FOR ORAL ARGUMENT

Angilly-CEI, hereby requests a hearing on this motion in order to assist the Court with its determination.

Respectfully submitted,
ROBERT F. ANGILLY, JR., P.E. d/b/a
CRITERIUM-ANGILLY ENGINEERS,
CRITERIUM ENGINEERS, INC.,
By their attorneys,

*/s/ signature/*

David J. Hatem, PC, BBO #225700
William Gillis, BBO #543654
Nicholas A. Ogden, BBO #644007
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
Tel: (617) 406-4500
Fax: (617) 406-4501

Dated: March 22, 2005

4

## LOCAL RULE 7.1 CERTIFICATION

Counsel for Angilly-CEI, hereby certifies, that it contacted the Plaintiffs, through counsel, in an attempt to resolve or narrow the issues presented herein.

_____
Nicholas A. Ogden

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (mail) hand (fax) on 03-22-05
_____

# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES W. TRAGAKIS & <br> SUSAN M. O'HARA, <br> Plaintiffs, <br> <br> v. <br> <br> ROBERT F. ANGILLY, JR., P.E. d/b/a <br> CRITERIUM-ANGILLY ENGINEERS, <br> CRITERIUM ENGINEERS, INC., NRT <br> NEW ENGLAND INCORPORATED d/b/a <br> COLDWELL BANKER RESIDENTIAL <br> BROKERAGE; PAULETTE E. DAVIS, <br> CEDANT MOBILITY FINANCIAL <br> CORPORATION, and UNITED SERVICES <br> AUTOMOBILE ASSOCIATION, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF ROBERT F. ANGILLY, JR., P.E.

I, Robert F. Angilly, Jr., PE, hereby state the following:

1. I am a registered engineer in the State of Rhode Island.

2. Attached hereto as Exhibit A is a true and accurate copy of the two page Agreement for Services for the Structural Inspection provided to James W. Tragakis in this matter.

3. I provided the Agreement for Services to James W. Tragakis in hand and he signed and returned the Agreement to me.

4. I provided a limited structural inspection of 5 Olde Coach Road for a fee of $250.00.

SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY THIS 22nd DAY OF MARCH, 2005.

*[signature]*
Robert F. Angilly, PE

00905017

# **EXHIBIT A**

**AGREEMENT FOR SERVICES**
Residential Inspection

This is the complete agreement regarding engineering services to be provided by Criterium-Angilly Engineers related to the property described below. This is intended to be a legally binding agreement. Please read it carefully.

**CLIENT:** Jim Tragakas

**LOCATION OF PROPERTY:**
5 Olde Coach Road
Westboro, MA

**INSPECTION SCHEDULE:**
DATE: January 22, 2002 *(weather permitting)*
TIME: 2:00 PM *(approximate)*

**DESCRIPTION OF PROPERTY:**
approximate age? *(years)* __24__   Single family? __X__ YES ____ NO
approximate size? __?__ Sq Ft ____?____ rooms __?__ bathrooms
additional buildings? ____YES ____NO other

**INSPECTION SERVICES TO BE PROVIDED** *(see page 2 for descriptions, initial choice)*:
____STANDARD INSPECTION              ____EXHAUSTIVE INSPECTION
__X__STRUCTURAL INSPECTION         ____(other)_____
____(other)_____              ____(other)_____

**TESTING SERVICES TO BE PROVIDED:**
__X__no tests requested                  ____radon water test
____standard water test                  ____radon air test
____(other)_____              ____(other)_____

TOTAL FEE: $250.00. **The fee is to be paid at or before the inspection.** A 24-hour notice of cancellation is requested. Otherwise, a cancellation fee may apply.

All inspections are performed in accordance with the Standards of Practice of the National Academy of Building Inspection Engineers (NABIE), a copy of which is available on request.

You are encouraged to be at the inspection to discuss your questions and concerns. However, **the written report is the exclusive source of information regarding our observations and conclusions.** All discussions that occur at the inspection are preliminary in nature and should not be the basis for any final decisions regarding this property. Further, owning any property involves some risk. No inspection can reveal everything that might be of interest or significance to you regarding this property.

The above is understood and accepted.

_____           1/22/02
Client Signature (one signature binds all parties)   (Date)

_____           1/22/02
Engineer Signature                              (Date)

*page 1 of 2*
*Effective July 1, 2000*
© *Criterium Engineers 2000*

AGREEMENT FOR SERVICES (continued)
Residential Inspection

**CHOICE OF INSPECTION SERVICES:**

_____ (int'l)
_____ (int'l)
STANDARD INSPECTION: A **limited** visual inspection to identify significant deficiencies and/or repairs needed in the major systems (structural, heating, air conditioning, plumbing, electrical, roof, exterior) as well as provide a general understanding of the property. This is a limited inspection based on visible evidence readily available during the inspection (without moving furnishings, removing finishes, etc.) and is the opinion of the engineer performing the inspection. **It is not a guarantee or warranty regarding the condition of this building. Our maximum liability for loss suffered by the client due to any cause is limited to our inspection fee.** The results of the inspection will be provided in a written report, typically available within 2 business days following the inspection, unless prior arrangements are made. Some test results may take longer.

_____ (int'l)
_____ (int'l)
LIMITED STRUCTURAL INSPECTION: An inspection and evaluation that is limited to reasonably available and visible structural components. Activities such as probing with an awl, measuring framing members, limited excavation around the foundation and/or determination of squareness, levelness and plumbness may be included in such an evaluation. Unless otherwise recommended or designated in writing, no soils investigation or invasive testing is included. Further, no inspection or evaluation of any other systems such as plumbing, electrical, mechanical or interiors is included. **It is not a guarantee or warranty regarding the condition of this building. Our maximum liability for loss suffered by the client due to any cause is limited to our inspection fee.** The results of the inspection will be provided in a written report, typically available within 2 business days following the inspection, unless prior arrangements are made.

_____ (int'l)
_____ (int'l)
EXHAUSTIVE INSPECTION: A STANDARD INSPECTION PLUS invasive testing and/or equipment disassembly as approved by client and property owner, in advance, to gather all reasonably available and relevant information about the property. This inspection is specifically **not limited** to readily available visible evidence and requires invasive testing which may include moving furnishings, removing wall coverings and/or drilling into wall cavities (to check for structural damage, for example) and requires the current owner's written permission. **It is not a guarantee or warranty regarding the condition of this building. Our maximum liability for loss suffered by the client due to any cause is limited to our inspection fee or $10,000.00, whichever is greater.** The results of the inspection will be provided in a written report, typically available within 5 business days after the inspection unless prior arrangements are made. Some test results may take longer.

*After reviewing these descriptions, both the client and engineer should initial where noted, to indicate the type of inspection chosen. As our client, you are making a choice of services to be provided. If you have any questions, please contact us immediately.*

*page 2 of 2*
*Effective July 1, 2000*
*© Criterium 2000*

\wpdocs\admin\agree-wk.frm